UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:07-CV-71-M

DAVID HOUCHIN and
ANGELA HOUCHIN                                                    PLAINTIFFS

vs.

ALLSTATE INDEMNITY COMPANY                                        DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon a motion [DN 29] by the Defendant, Allstate
Indemnity Company, for partial summary judgment.  The Plaintiffs, David Houchin and Angela
Houchin, having filed a response [DN 32] and the Defendant having filed a reply [DN 33], this
matter now stands submitted.

## I.    BACKGROUND

The Defendant issued a homeowner's policy of insurance (the "Policy") to the Plaintiffs
which insured their home located at 1295 Meredith Ridge Road in Leitchfield, Kentucky.  The
Policy was in place and in force at all times relevant to this lawsuit.  On or about July 25, 2006, a
fire occurred at the Plaintiffs' home which either damaged or destroyed the dwelling and its
contents.  In accordance with the terms of the Policy, the Plaintiffs timely filed a claim with the
Defendant by providing notice of the fire and the damage.  The Defendant refused to pay a portion
of the claim on grounds that the Plaintiffs were complicit in causing the fire.  It is undisputed that
both of the Plaintiffs were subsequently convicted in Kentucky state court of second-degree arson,
second degree wanton endangerment, and insurance fraud in relation to the destruction of their
home.  These convictions are currently being appealed.

The Plaintiffs filed this lawsuit[1] alleging, among other claims,  that the Defendant engaged in bad faith when it denied  their insurance claim.[2]  Specifically, the Plaintiffs allege that the Defendant (1) "failed to acknowledge and act reasonably and promptly upon communications with respect to this claim"; (2) "failed to adopt and implement reasonable standards for the prompt investigation of this claim"; (3) "refused to pay said claim without conducting a reasonable investigation based upon all the available information"; and (4) "failed to attempt a good faith effectuation of a prompt, fair, and equitable settlement of this claim . . . ."  (Pl.s' V. Compl. ¶ 8). The Defendant seeks summary judgment on the bad faith claims.

## II.    SUMMARY JUDGMENT STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the nonmoving party must then produce specific facts demonstrating that a genuine issue of fact exists for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving

---

[1]     The Plaintiffs filed this suit in Kentucky state court which was subsequently removed to this Court by the Defendant on diversity of citizenship jurisdictional grounds. See 28 U.S.C. §§ 1332 and 1441.

[2]     The bad faith claim includes allegations that the Defendant violated provisions of the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12-230, and the Kentucky Consumer Protection Act, KRS 367.170.

party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Co.</u>, 475 U.S. 574, 586 (1986). The Rule requires the nonmoving party to present "specific facts showing a genuine issue for trial." Rule 56(e). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." <u>Anderson</u>, 477 U.S. at 252.

### III.   DISCUSSION

In order to state a claim for bad faith, the insured must prove three elements: "(1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." <u>Federal Kemper Ins. Co. v. Hornback</u>, 711 S.W.2d 844, 847 (Ky. 1986) (Leibson, J., dissenting) (adopted by incorporation in <u>Curry v. Fireman's Fund Ins. Co.</u>, 784 S.W.2d 176, 178 (Ky. 1989)). Here, the insurance policy issued by the Defendant to the Plaintiffs contains a standard provision which excludes coverage for "[i]ntentional or criminal acts of or at the direction of any insured person, if the loss that occurs: a) may be reasonably expected to result from such acts; or b) is the intended result of such acts." (Def.'s Mem., Ex. 1 at p. 6, ¶ 9). Furthermore, the policy makes clear that the exclusion applies "regardless of whether or not the insured person is actually charged with, or convicted of a crime." <u>Id.</u>   Thus, there is no coverage if the Plaintiffs caused the fire. If there is no coverage, there is no bad faith.

The Plaintiffs do not dispute that they were both convicted of arson, reckless endangerment, and insurance fraud. Instead, they argue that because the convictions are on appeal and not final,

the convictions should not be considered. However, the finality of the criminal convictions is not the issue. "[A] tort claim for a bad faith refusal to pay must first be tested to determine whether the insurer's refusal to pay involved a claim which was fairly debatable as to either the law or the facts." Empire Fire & Marine Ins. Co. v. Simpsonville Wrecker Svc., Inc., 880 S.W.2d 886, 890 (Ky. Ct. App. 1994). If the claim is "fairly debatable," then a bad faith claim may not be maintained. Id. Thus, the issue to be decided here is whether the question of coverage is fairly debatable.

Regardless of Plaintiffs' claims to the contrary, there are clearly facts to support a belief that the Plaintiffs had something to do with causing their house fire. The indictments alone establish that and the convictions further support it. This is true even if their convictions should be reversed. Thus, coverage is fairly debatable on the facts and a bad faith claim for failure to pay cannot be maintained.

It seems to be the Plaintiffs' contention that the Defendant investigated the incident and determined that the true cause of the fire was a defective wiring box connector and not arson, and thus, the Defendant lacked a reasonable basis for denying the claim. However, the Plaintiffs, have presented no evidence to support such a conclusion. The Plaintiffs' Response contains only speculation that the Defendant knew the fire was not caused by arson and yet refused to pay the claim or release the information to the Plaintiffs to assist in their criminal defense. A belief by the Plaintiffs "that a defendant acted from an unlawful motive, *without evidence supporting that belief*, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive." Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1028 (9th Cir. 2001) (emphasis added). "[E]ven in the case where elusive concepts such as motive are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations,

4

improbable inferences and unsupported speculation." <u>Priddy v. Smith</u>, No. 96-6160, 1997 WL 809954, *4 (6th Cir. Dec. 19, 1997) (citing <u>Medina-Munoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990)).  Furthermore, the nonmoving party in a motion for summary judgment is not permitted to rely merely upon allegations made in its own pleading.  <u>See</u> FED. R. CIV. P. 56(e)(2). Instead, the nonmoving party must also point to facts set forth in affidavits, discovery, and disclosure material on file showing a genuine issue for trial.  <u>See</u> Rule 56(c) and (e)(2).

The only reference the Plaintiffs make to other documents which allegedly prove their allegations is to a sworn deposition in this matter of Victor Thorpe and to the testimony of certain witnesses who testified at the Plaintiffs criminal trial.  However, the Plaintiffs have not attached any of these items to their Response nor are any of these materials found in the record.  Even if these materials were found in the record, the Plaintiffs fail to cite, other than by generally stating the subject matter of the document, to where the relevant information is to found within those documents and fail to discuss the relevancy of the information to be found within those documents. It is well settled in the Sixth Circuit "that there is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" <u>Guarino v. Brookfield Twp. Trs.</u>, 980 F.2d 399, 404 (6th Cir. 1992) (quoting <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472, 1480 (6th Cir. 1989)).  "A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." <u>InterRoyal Corp. v. Sponseller</u>, 889 F.2d 108, 111 (6th Cir. 1989).

The Plaintiffs were afforded ample time to prepare and file their Response to the Defendant's motion.  The Plaintiffs could not identify a genuine issue of material fact on the bad faith claims and

summary judgment is appropriate.

### IV.   CONCLUSION

Accordingly, for the reasons set forth above, **IT IS HEREBY ORDERED** that the Defendant's motion for partial summary judgment [DN 29] is **GRANTED** as to the Plaintiffs' claims of bad faith.

Joseph H. McKinley, Jr., Judge
United States District Court

September 22, 2008

Copies to:  Counsel of record